DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EDWARD LEMOND CHRISTIAN,**

      **Plaintiff,**

v.

**THE GOODYEAR TIRE & RUBBER COMPANY,**

      **Defendant/Third Party Plaintiff,**

v.

**MIDWEST FREIGHT SPECIALISTS, LLC, et al.,**

      **Third Party Defendants.**

**CIVIL ACTION**

**No. 07-2189-KHV-DJW**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint (doc. 32) ("Motion to Amend"). Plaintiff seeks leave to file an amended complaint to expand and clarify his allegations against the present defendant, Goodyear Tire & Rubber Company "(Goodyear"). He also seeks to join as a defendant, pursuant to Federal Rules of Civil Procedure 19(a) and 20, one of the third-party defendants, Midwest Freight Specialists, LLC ("Midwest Freight"). For the reasons set forth below, the Court grants the Motion to Amend to the extent Plaintiff seeks to amend the Complaint as to Goodyear. The Court denies the Motion to Amend to the extent Plaintiff seeks to assert a claim against Midwest Freight, on the basis that the assertion of such a claim would destroy the Court's diversity jurisdiction.

## I.     Background Facts

Plaintiff filed this lawsuit on May 3, 2007, asserting a negligence claim against Goodyear to recover for injuries he allegedly suffered on May 9, 2005.[1]  Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  Plaintiff alleges in the Complaint that he is a citizen of the state of Missouri.[2]  In addition, he alleges that Defendant Goodyear is "a corporation organized and existing under the laws of the State of Ohio."[3]

Plaintiff asserts the following allegation in his Complaint in support of his negligence claims against Goodyear:  Plaintiff is a truck driver who was dispatched by his employer on May 6, 2005 to the Goodyear plant in Topeka, Kansas, where he was to receive from Goodyear a trailer loaded with tires for delivery in the state of North Carolina.[4]  Plaintiff hooked his tractor to a trailer that had been loaded with approximately 685 tires by employees of Goodyear.[5]  On May 9, 2005, Plaintiff reached his destination in North Carolina, and when he opened the trailer, "multiple tires were forced out of the trailer striking Plaintiff, knocking him to the ground, and causing him serious and permanent injury."[6]

Plaintiff alleges in his Complaint that Goodyear and its employees negligently loaded the tires into the trailer in such a way that the tires were expelled from the trailer when Plaintiff opened

---

[1] Compl., ¶¶ 5-7.

[2] *Id.*, ¶ 3.

[3] Id., ¶ 2.

[4] *Id.*, ¶ 4.

[5] *Id.*, ¶¶ 4 & 6.

[6] *Id.*, ¶ 5.

the doors of the trailer.[7] He claims damages for personal injuries, lost wages, and diminution of his earning capacity.[8]

Goodyear filed its answer on June 18, 2007 (doc. 5), and denied that its employees had loaded the tires in question.[9] Also, it asserted in its "Second Affirmative Defense" that some or all of Plaintiff's damages were caused "by someone or something other than defendant Goodyear."[10] In its "Fourth Affirmative Defense," Goodyear asserted that the "fault of the parties to this case, as well as any liable non-parties including but not limited to Midwest Freight Specialists LLC, should be compared . . . and fault should be apportioned in accordance with their respective liability."[11]

Goodyear filed a motion to amend (doc. 15) on October 1, 2007, seeking leave to amend its answer and to file a third-party complaint against Midwest Freight, asserting that it was employees or agents of Midwest Freight who had loaded the tires onto the trailer. The Court granted Goodyear's motion as uncontested on October 17, 2007 (*see* doc. 16), and Goodyear filed its First Amended Answer and Third-Party Complaint (doc. 17) on that same day.

In its Third-Party Complaint, Goodyear alleges that it and Midwest Freight are parties to a contract pursuant to which Midwest Freight provides loading services at Goodyear's Topeka, Kansas warehouse.[12] The Third-Party Complaint further alleges that it was employees and/or agents

---

[7]*Id.*, ¶ 6.

[8]*Id.*, ¶ 7.

[9]Goodyear's Answer (doc. 5), ¶¶ 4 & 6.

[10]*Id.*, Second Aff. Def.

[11]*Id.*, Fourth Aff. Def.

[12]Goodyear's First Am. Answer and Third-Party-Compl. (doc. 17), ¶3.

3

of Midwest Freight who loaded the tires at issue onto the trailer that Plaintiff drove to North Carolina, and that if anyone was negligent in loading the trailer, it was the employees or agents of Midwest Freight and not the employees of Goodyear.

On January 15, 2008, Plaintiff filed the instant Motion to Amend. He states that he seeks to "expand and clarify" his allegations against Goodyear and to join Midwest Freight as a defendant to assert a negligence claim against it.[13] More specifically, he seeks leave to amend to assert the following:

    a.    That Defendant Goodyear is legally liable to plaintiff for any negligence on the part of Defendant Midwest [Freight];
    b.    That Defendant Goodyear is liable to plaintiff for any negligence in its selection, retention, inspection and/or monitoring of Defendant Midwest [Freight]; [and]
    c.    That Defendant Midwest [Freight] is directly liable to Plaintiff for any negligence on its part related to the loading of the subject trailer.[14]

Plaintiff's proposed Amended Complaint reasserts that jurisdiction is based on diversity of citizenship.[15] It also reasserts that Plaintiff is a citizen of the State of Missouri.[16] In addition, it alleges that Midwest Freight is a "corporation organized and existing under the laws of the State of Missouri."[17]

Midwest Freight opposes Plaintiff's Motion to Amend to the extent Plaintiff seeks to amend his Complaint to assert a negligence claim against it. Midwest Freight contends that Plaintiff's

---

[13] Pl.'s Mot. to Am. (doc. 32) at p. 2.

[14] *Id.*

[15] Proposed Am. Compl. (attached as Ex. A. to Pl.'s Mot. to Amend (doc. 32)), ¶ 1.

[16] *Id.,* ¶ 4.

[17] *Id.*, ¶ 3.

4

proposed claim is barred by the applicable statute of limitations, and that amendment would therefore be futile. Plaintiff counters that the proposed claim against Midwest Freight is not time-barred because it relates back to the date of filing of the original Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). He asserts that, at the time he filed his Complaint, he "had not been informed, nor was he otherwise aware, of any alleged involvement in this matter on the part of Midwest Freight."[18]

Midwest Freight states no opposition to the Motion to Amend to the extent Plaintiff seeks leave to amend to revise his claims against Goodyear. Goodyear has filed no opposition to the Motion to Amend.

## II. Discussion

### A. Joinder and Amendment as to Midwest Freight

#### 1. Summary of the parties' arguments

As noted above, Plaintiff moves to join Midwest Freight under either Rule 19(a) or Rule 20. Plaintiff maintains that joinder is necessary under Rule 19(a) to insure the "just and complete adjudication of plaintiff's claims."[19] In the alternative, he argues that joinder is appropriate under Rule 20 because questions of law and fact common to both Midwest Freight and Goodyear will arise regarding the same series of occurrences.

Midwest Freight makes no argument regarding the propriety of joinder under either of these rules. It focuses its arguments solely on why the proposed amendments are barred by the statute of limitations.

---

[18]Pl.s' Mot. to Am. (doc. 32) at pp. 1-2.

[19]*Id.* at p. 2.

*2.     The Court's Analysis*

The first issue the Court must address is what is the proper Rule of Civil Procedure under which Plaintiff may assert a claim against Midwest Freight? Although Plaintiff moves to join Midwest Freight through Rules 19 and 20, the Court finds that they are not applicable here, as they apply when a party seeks to bring *a new party* into the lawsuit. Here, Midwest Freight *is already a party* to this lawsuit; it was brought into the case as a third-party defendant when Goodyear filed its Third-Party Complaint against it in October 2007.

In light of the foregoing, the Court must look to Rule 14, which governs third-party practice, to determine whether Plaintiff should be allowed to assert a claim against Midwest Freight. Subsection (a)(3) of Rule 14 governs when a plaintiff may assert claims against a third-party defendant. It states: "The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."[20]

Rule 14(a)(3) does not expressly provide the procedure under which a plaintiff is to assert the claim;[21] however, plaintiffs typically file a motion under Rule 14 to obtain a court order allowing them to assert their claims against the third-party defendant. Although Plaintiff in this case seeks to join Midwest Freight pursuant to Rules 19 and 20, the Court will construe his motion to be

---

[20] Fed. R. Civ. P. 14(a)(3). The language of Rule 14 was amended as part of the general restyling of the Civil Rules of Civil Procedure to make them more easily understood and to make style and terminology consistent throughout the Rules. Fed. R. Civ. P. 14 ( advisory committee note, 2007 amendment). The changes were intended to be stylistic only. *Id.* The provision allowing a plaintiff to assert claims against the third-party defendant was previously found in subsection (a) of Rule 14.

[21] 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1459 at p. 451 (2d ed. 1990).

brought pursuant to Rule 14(a)(3), and the Court will consider whether Plaintiff should be allowed to assert his claims against Midwest Freight under that rule.

The only stated requirement of Rule 14(a)(3) is that the plaintiff's claim against the third-party defendant must arise out of "the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."[22]  In other words, in this case, Plaintiff's claim must arise out of the same transaction or occurrence that is the subject of his claim against Goodyear.  The Court finds that Plaintiff's proposed claim against Midwest Freight, like his claim against Goodyear, arises out of the loading of the tires into the trailer and Plaintiff's claimed injuries when he was allegedly struck by the tires when he opened the trailer doors.  Thus, the Court finds that Plaintiff's claim arises out of the same occurrence that is the subject of his claim against Goodyear, and that he has therefore satisfied Rule 14(a)(3).

Despite having satisfied Rule 14(a)(3), the Court must nevertheless deny Plaintiff leave to assert his proposed negligence claim against Midwest Freight, as the Court finds that doing so would divest the Court of diversity jurisdiction.  Although Midwest Freight does not dispute the Court's jurisdiction, the Court has an obligation to ensure that Plaintiff's assertion of a claim against Midwest Freight will not destroy diversity jurisdiction.[23]  It is well settled that federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the

---

[22]Fed. R. Civ. P. 14(a)(3).

[23]*Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

absence of a challenge from any party."[24]  Thus, a court may *sua sponte* raise the question of whether there is subject matter jurisdiction, and it may do so at any stage in the lawsuit.[25]

Although Plaintiff states that "Midwest [Freight] is already subject to this Court's jurisdiction, having previously been made a party hereto in the capacity of a third-party defendant."[26] Plaintiff ignores the fact that his proposed Amended Complaint alleges he is a Missouri citizen and Midwest Freight is "a corporation organized and existing under the laws of the State of Missouri."[27] Subsection (c) of the diversity jurisdiction statute, 28 U.S.C. § 1332, provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated. . . ."[28]  Thus, by alleging that Midwest Freight is a corporation "organized and existing" under Missouri law, Plaintiff is, in effect, asserting that Midwest Freight is a citizen of Missouri.  In short, Plaintiff has alleged that both he and Midwest Freight are citizens of the same state.

It is axiomatic that diversity jurisdiction is available only when all adverse parties to a lawsuit are completely diverse in their citizenships.[29]  In other words, a federal court does not have diversity jurisdiction when a defendant is a citizen of the same state as the plaintiff.  Here, both

---

[24]*Id.*

[25]*Id.*

[26]Pl.'s Mot. to Amend (doc. 32) at p. 2.

[27]Proposed Am Compl. (attached as Ex. A. to Pl.'s Mot. to Amend (doc. 32)), ¶¶ 3 & 4.

[28]28 U.S.C. § 1367(b).

[29]*See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) ("We have consistently interpreted § 1332 as requiring complete diversity:  In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (28 U.S.C. § 1332 requires "complete diversity," and it is well settled that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.").

8

Plaintiff and Midwest Freight are alleged to be citizens of Missouri. Thus, there is no diversity of citizenship, and the Court cannot entertain Plaintiff's proposed claim against Midwest Freight.

The United States Supreme Court's decision in *Owen Equipment and Erection Co. v. Kroger*[30] and 28 U.S.C. § 1367(b) dictate this result. In *Owen Equipment*, the Supreme Court held that in an action in which federal jurisdiction is based on diversity of citizenship, the plaintiff may not assert a claim against a third-party defendant when there is no independent basis for federal jurisdiction over that claim.[31] In that case, an Iowa plaintiff sued an Oklahoma defendant in federal court, asserting only state-law claims.[32] The defendant filed a third-party claim against Owen Equipment and Erection Company ("Owen"), an Iowa corporation.[33] Subsequently, the plaintiff amended her complaint to allege state law claims against Owen, and the case ultimately went to trial only on those amended claims.[34] The Supreme Court held that the district court lacked jurisdiction over the claims, reasoning that:

> [I]t is clear that the [plaintiff] could not originally have brought suit in federal court naming Owen and OPPD as codefendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued Owen initially. In either situation, in the plain language of the [diversity] statute, the "matter in controversy" could not be "between . . . citizens of different States."[35]

---

[30]437 U.S. 365 (1978).

[31]*Id.* at 373.

[32]*Id.* at 367.

[33]*Id.*

[34]*Id.* at 368.

[35]*Id.* at 373.

9

Just as in *Owen Equipment*, this Court will lack diversity jurisdiction if Plaintiff, a Missouri citizen, is allowed to assert a claim against Midwest Freight, another Missouri citizen. Complete diversity would be destroyed in the same manner it would have had Plaintiff sued Midwest Freight initially.

Following the Supreme Court's decision in *Owen Equipment*, Congress enacted the Judicial Improvements Act of 1990,[36] codified at 28 U.S.C. § 1367, to clarify the doctrines of ancillary and pendent jurisdiction.[37] Subsection (a) to § 1367 sets forth when federal courts have "supplemental" jurisdiction.[38] It provides in pertinent part:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity jurisdiction], the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.[39]

Subsection (b) of the statute sets forth the exceptions to this general rule, and codifies the Supreme Court's decision in *Owen Equipment*.[40] It provides that district courts in diversity actions

---

[36] Pub. L. 101-650, Title III, § 310(a), 104 Stat. 5113.

[37] *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 672 (10th Cir. 2006); *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1992).

[38] The statute is entitled "Supplemental Jurisdiction."

[39] 28 U.S.C. § 1367(a).

[40] *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 937 (9th Cir. 2001) ("[S]ubsection (b) excepts from supplemental jurisdiction a claim by a plaintiff against a third-party defendant who has been impleaded under Rule 14. To that extent, it codifies the result of *Owen Equipment* . . . ."); *Harmon v. McCreary*, No. 07-3-DLB, 2007 WL 4163879 at *2 (E. D. KY Nov. 20, 2007) (subsection (b) of 28 U.S.C. § 1367 "represents a codification of the Supreme Court's decision in *Owen Equipment*."); *Williams v. Conseco, Inc.*, 57 F. Supp. 2d 1311, 1316, n.4 (S.D. Ala. 1999) ("The holding in Owen was later codified at 28 U.S.C. § 1367(b).").

"shall *not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[41]  Thus, the doctrine of supplemental jurisdiction does not extend to allow a court to exercise jurisdiction over a claim brought by a plaintiff against a non-diverse defendant under Rule 14.

### 3. *Conclusion as to Midwest Freight*

In light of the foregoing, it is clear that Plaintiff's assertion of a negligence claim against Midwest Freight pursuant to Rule 14(a)(3) would divest the Court of diversity jurisdiction. Consequently, the Court must deny Plaintiff's motion to the extent he seeks leave to assert a negligence claim against Midwest Freight.

The Court recognizes that denying Plaintiff leave to assert a claim against Midwest Freight based on jurisdictional grounds appears, on its face, to be inconsistent with the Court possessing jurisdiction over Midwest Freight as a third-party defendant.  The Court finds it is not, however, as § 1367(b) does not control jurisdiction over a defendant's third-party claim against a third-party defendant.  Section 1367(b), by its express terms, applies only to "claims by *plaintiffs* against persons made parties under Rule 14, 19, 20 or 24."[42]  "Nothing in the language of the statute . . . prohibits claims subsequently brought by defendants against non-diverse parties."[43]  The Circuit Courts of Appeals that have addressed this issue have taken the consistent position that § 1367(b)

---

[41]28 U.S.C. § 1367(b) (emphasis added).

[42]*Id.* (emphasis added).

[43]*Certain Underwriters at Lloyd's, London, Subscribing to Policy Number 501/NB03ACMB*, No. Civ. 04-937 JB/WDS, 2006 WL 4109676, at *5 (D. N. M. Aug. 23, 2006).

11

applies only to the *original plaintiffs* in the action, and not to defendants or third parties, who did not make the choice in the first instance to assert their claims in federal court.[44]

Accordingly, a court is not prohibited from exercising supplemental jurisdiction over a *defendant's third-party claim* against a non-diverse third-party defendant, even though the Court is not allowed to exercise jurisdiction over the *plaintiff's* claims against the same non-diverse third-party defendant. Thus, even though the Court may entertain supplemental jurisdiction over Midwest Freight as a third-party defendant despite it not being diverse to Plaintiff, the Court cannot entertain jurisdiction over it as a defendant brought in by Plaintiff. The Court must therefore deny Plaintiff's motion as it pertains to Midwest Freight.

---

[44]*See State Nat'l Ins. Co, Inc. v. Yates*. 391 F.3d 577, 580 (5th Cir. 2004) ("[W]e hold that "plaintiff" in § 1367(b) refers to the original plaintiff in the action — not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff. In doing so, we follow the numerous other circuits that have come to the same conclusion."); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs — but not defendants or third parties — from circumventing the requirements of diversity."); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000) ("Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs — but not defendants or third parties — from circumventing the requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to *plaintiffs'* efforts to join nondiverse parties.") (emphasis in original); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc*., 54 F.3d 156, 160 (3d Cir. 1995) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of *plaintiffs* against persons made parties under Rule 14, 19, 20, or 24, and of parties who join or intervene as plaintiffs pursuant to Rule 19 or 24. The section has little to say about defendants.") (emphasis in original). *See also* H.R. Rep. No. 101-734, at 29 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6875 (explaining that the purpose of § 1367(b) is to prevent "*plaintiffs* [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis") (emphasis added).

**B.     Amendment as to Goodyear**

With respect to Defendant Goodyear, Plaintiff seeks leave to amend to allege that Goodyear is liable to Plaintiff for (1) "any negligence on the part of Defendant Midwest," and (2) "any negligence in its selection, retention, inspection and/or monitoring of Defendant Midwest."[45]

As noted above, no opposition has been filed to the Motion to Amend as it pertains to Goodyear.  The Court therefore grants, as uncontested, the Motion to Amend with respect to Goodyear.[46]  Plaintiff shall file his Amended Complaint containing his amended allegations and claims against Goodyear (but without the proposed amendments against Midwest Freight) within **five (5) days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (doc. 32) is denied to the extent Plaintiff seeks leave to assert a negligence claim against Midwest Freight Specialists, LLC.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (doc. 32) is granted to the extent Plaintiff seeks to amend the Complaint with respect to Goodyear Tire & Rubber Company. Plaintiff shall file his Amended Complaint containing his amended allegations and claims against Goodyear Tire and Rubber Company (but without the proposed amendments against Midwest Freight Specialists, LLC) within **five (5) days** of the date of this Order.

---

[45] Pl.s' Mot. to Am. (doc. 32) at p. 2.

[46] *See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . ., the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

13

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of June 2008.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties