DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EDWARD LEMOND CHRISTIAN,

       Plaintiff,

                                  CIVIL ACTION

v.

                                  No. 07-2189-KHV-DJW

THE GOODYEAR TIRE & RUBBER
COMPANY,

       Defendant/Third Party Plaintiff,

v.

MIDWEST FREIGHT SPECIALISTS, LLC, et al.,

       Third Party Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay All Proceedings (doc. 71) filed by Midwest Dedicated Services, Inc. ("Midwest Dedicated"). Midwest Dedicated seeks to stay all proceedings in this case pending a ruling on its Motion to Dismiss for Lack of Personal Jurisdiction (doc. 56). Midwest Dedicated's Motion to Stay is opposed by Defendant/Third-Party Plaintiff Goodyear Tire and Rubber Company and by Third-Party Defendant Midwest Freight Associates, LLC. Plaintiff and Third-Party Defendant American Central Transport Inc. have not filed any response to the Motion.

The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket.[1] The court may exercise the power to stay to provide economy

---

[1]*Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02-2448-KHV, 2002
(continued...)

of time and effort for the court itself and for counsel and litigants appearing before the court.[2]  The

decision whether to grant a stay is within the district court's discretion; however, the Tenth Circuit

has cautioned that "the right to proceed in court should not be denied except under the most extreme

circumstances."[3]

　　　　In light of these rules, this Court has adopted a "general policy" of not staying pretrial

proceedings even though dispositive motions are pending.[4]  Exceptions to this general policy may,

however, be made when the case is likely to be finally concluded as a result of the ruling thereon;

where the facts sought through uncompleted discovery would not affect the resolution of the motion;

or where discovery on all issues of a broad complaint would be wasteful and burdensome.[5]  Another

major exception to this policy is made when the party requesting the stay has filed a dispositive

motion asserting absolute or qualified immunity.[6]

　　　　Applying these standards, the Court concludes that a stay is not warranted.  Midwest

Dedicated has failed to make a showing of necessity for the stay and has failed to establish undue

---

[1](...continued)
WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

[2]*Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[4]*Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

[6]*See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

hardship or inequity if its is required to go forward with this case in its present posture. Furthermore, the Court does not find that any of the exceptions to the Court's general policy apply so as to justify a stay. Accordingly, the Court will deny the request to stay the action.

**IT IS THEREFORE ORDERED** that Midwest Dedicated Services, Inc.,'s Motion to Stay All Proceedings (doc. 71) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 1st day of July 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:      All counsel and *pro se* parties