## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD LEMOND CHRISTIAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE GOODYEAR TIRE & RUBBER )<br>COMPANY, )<br>)<br>Defendant/Third Party Plaintiff, )<br>v. )<br>)<br>MIDWEST FREIGHT SPECIALISTS, LLC, )<br>AMERICAN CENTRAL TRANSPORT, INC., )<br>and MIDWEST DEDICATED SERVICES, )<br>INC., )<br>)<br>Third Party Defendants. ) | Case No.  07-2189-KHV-DJW |

## **AGREED PROTECTIVE ORDER**

NOW on this 15th day of August, 2008, the unopposed Motion for Protective Order (doc. 94) comes on for consideration by the Court. Third Party Defendants, Midwest Freight Specialists, LLC and Midwest Dedicated Services, Inc., have jointly requested a Protective Order because the parties anticipate disclosing banking and financial information and documents, the revelation of which in the public domain can and will harm these entities. All parties to the action have agreed to the entry of the Protective Order.

Due to the nature of certain allegations contained in Goodyear's Third Party Complaint against these entities, the Court finds that it may be necessary for Midwest Freight and Midwest Dedicated to produce relevant banking and financial documents. The Court finds that this information should not be released in the public domain, is privileged and confidential, and that the release of this information in the documents through the ordinary discovery process could compromise this confidentiality.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.  "Confidential documents and information" shall include all financial and banking information and records regarding Third Party Defendants Midwest Freight and Midwest Dedicated. These confidential

documents and information are considered to be confidential and shall, prior to their production, be designated and stamped "confidential – produced subject to protective order" and will be subject to and governed by this Protective Order.

2. Only "authorized personnel" shall view and use the documents. For purposes of this Protective Order the term "authorized personnel" shall mean:

    a. Counsel for the parties;

    b. Secretarial and other office personnel of counsel of the parties who have need to work with the documents for purposes related to the prosecution of this lawsuit; and

    c. Expert witnesses of the parties to this action.

3. Each of the Authorized Personnel shall review this Protective Order and execute an Acknowledgment in the form annexed hereto as Exhibit A. Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, shall be provided to counsel for Plaintiffs and Defendant. Parties to this action are also required to execute an Acknowledgment. Attorneys are not required to execute an Acknowledgment, but shall be bound by this Order in any event.

4. Counsel to whom Confidential Documents are produced shall maintain said documents in a safe manner, and safeguard the confidential documents and not permit them to be inspected by anyone other than Authorized Personnel.

5. Authorized Personnel shall not reveal the contents of the Confidential Documents to any person or otherwise utilize the Confidential Documents in anyway that would publish the information contained therein, other than is necessary to prosecute this action.

6. The Authorized Personnel to whom the Confidential Documents are produced shall not make any additional copies except as may be necessary for the trial of this action.

7. Any party seeking to submit to, or file with, the Court a Confidential Document or testimony regarding Confidential Documents must first file a motion for leave to file that particular document or

testimony under seal. Any motion for leave to file under seal shall be filed in accordance with the Court's Administrative Procedures for electronically filing documents under seal.

8. Authorized Personnel who receive Confidential Documents from either party are ordered to return them, including all copies, to the parties' counsel within 30 days after the termination of this litigation, including any appeals.

9. This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

IT IS THEREFORE ORDERED that the Motion for Protective Order (doc. 94) filed by Midwest Dedicated Services, Inc. and Midwest Freight Specialists, LLC, is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of August, 2008.

<u>s/ David J. Waxse</u>

David J. Waxse
United States Magistrate Judge

**APPROVED BY:**

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

  /s/ Michael K. Seck, #11393
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / (913) 339-6187 (FAX)
mseck@fisherpatterson.com
ATTORNEYS FOR THIRD PARTY DEFENDANT
MIDWEST FREIGHT SPECIALISTS, LLC


LAW OFFICES OF DANIEL G. MENZIE

/s/ Daniel G. Menzie
Daniel G. Menzie
901 St. Louis Avenue, Suite 200-3
Springfield, MO 65806
(417) 831-9130\Fax: (417) 864-3698
ATTORNEY FOR THIRD PARTY DEFENDANT
MIDWEST DEDICATED SERVICES, LLC


BROUS HORN LLC


/s/ Tammy L. Horn
Tammy L. Horn, KS#15418
Carrie M. Brous KS#18157
The Carriage House
10313 West 140th Street
Overland Park, Kansas 66221
(913) 897-7877\Fax: (913) 982-2515
thorn@broushorn.com
cbrous@broushorn.com
**ATTORNEYS FOR DEFENDANT/THIRD PARTY PLAINTIFF
THE GOODYEAR TIRE & RUBBER COMPANY**

N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD LEMOND CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 07-2189-KHV-DJW |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) |
| | ) |
| Defendant/Third Party Plaintiff, | ) |
| v. | ) |
| | ) |
| MIDWEST FREIGHT SPECIALISTS, LLC, AMERICAN CENTRAL TRANSPORT, INC., and MIDWEST DEDICATED SERVICES, INC., | ) |
| | ) |
| Third Party Defendants. | ) |

## ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read and agrees to be bound by the terms of the Protective Order entered in this matter on ____ day of _____, 2008, in Case No. 07-2189-KHV-DJW in the United States District Court for the State of Kansas, entitled, *Edward Lemond Christian v. The Goodyear Tire & Rubber Company, et al.*, and the undersigned agrees that he/she will not reveal any information designated as Confidential and will not use any confidential information for any purpose other than for the prosecution of the lawsuit described herein.

DATE:_____

_____
(Name)

_____
(Address)

_____
(City, State, Zip)

_____
(Telephone Number)

_____
(Title)